The case is, that Troy was indebted to the plaintiff and died, having appointed Henry W. Harrington his *Page 242 
executor, to whose hands sufficient assets came to pay the plaintiff's debt; and that Harrington, having assets, promised the plaintiff, in consideration thereof, to pay the said debt. That he afterwards died, leaving the defendant his executrix. This action is brought against the defendant as executrix, to subject her testator's estate upon the said promise. The defendant pleaded non assumpsit, and issue being joined, a verdict was found for the plaintiff. A motion is now made in arrest of judgment, because there was no consideration for this promise. I always considered it as a point well settled that the promise of an executor, having assets at the time of the promise, to pay his testator's debt, was valid. Upon looking into the authorities we find many cases wherein it has been expressly decided, besides numerous sayings to the same effect in elementary books. Cro., Eliz., 91; 1 Ves., 126; 9 Co., 94. Such a promise is enforced and supported by the consideration of the (333) executor's liability as executor, to pay the plaintiff's demand. He is liable by reason of the assets; and therefore the having of assets is indispensable in such a case. When I speak of assets, as relates to the subject, I mean such estate of the testator as would at that time be liable to the debt of the creditor in a suit at law. If, for example, the creditor be so by simple contract, the assets in the hands of the executor necessary to support the assumpsit of the executor must be such as the creditor would be entitled to recover if he were then suing the executor in his representative capacity for his debt. The executor is the mere holder, as it were, of money, which is in justice and conscience the money of another person. The consideration may therefore be said to consist of the strongest moral obligation as well as legal liability. The only case relied on to contradict this reasoning and the strong current of authorities for the plaintiff is that of Rann v. Hughes, 7 Term, 350. But in that case there was no averment of assets. It is said, indeed, that Hughes died possessed of sufficient effects; but it is not alleged that they ever came to the defendant's hands, much less that he had them at the time of his promise. The note of the case in Term Reports seems to me to be a confused one; but its accuracy in this respect is evinced by what fell from Lord Mansfield in Hawks v. Saunders, Cowp., 291, where he mentions and comments on this circumstance.
It has been contended that the defendant would have been at liberty upon the trial to show that her testator, after his promise, applied the assets to other debts of the testator Troy, and thereby became excused from the payment of this debt. If his promise were good at all, it made the debt personal. There is *Page 243 
no halfway ground; Harrington must be considered as liable only in his representative capacity, if he be allowed to show the state of the assets subsequent to the time of his promise. But when we say that by his promise he became personally (334) bound, we lose sight of the assets altogether, except so far as regards their situation at the time the promise was made. In that respect we are obliged to examine into them for the purpose of ascertaining whether the promise was then good, or a nudum pactum. If hethen had assets, the promise is good, and he becomes personally liable. It appears to me that settles the other point, for whenever one becomespersonally bound for the debt of another (no matter how) it becomes his owndebt, and must be paid out of his own estate. Nothing but actual satisfaction, or other matter which would discharge him from any other ofhis own personal debts, will discharge him from this. In Bam's case, 9 Co., 94, Lord Coke is express that an executor can only show upon the day of trial that he had no assets at the time of the promise. The short note ofCleverly v. Brett, cited in Pearson v. Henry, 5 Term, 6, relates as well as the principal case to the question of assets, on the plea of pleneadministravit in a suit against the executor as such; which is totally different from this. There the question is what assets the defendant had at the time of the plea pleaded; and does not regard the personal liability of the defendant at all.